## Walker v. Somerset County

*Robert W. Critchfield*, for plaintiffs.
*Charles H. Coffroth*, for defendants.

LANSBERRY, P. J., February 14, 1961.—In this declaratory proceeding, plaintiffs, being certain elected county officials of Somerset County and defendants, being the County of Somerset and the elected county commissioners, in their official capacity, the court has been requested to enter a determination as to certain phases of the legislation having to do with attendance at the various state association conventions of these county officers. From the pleadings filed, it is apparent that the court is vested with jurisdiction as provided by the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840 (12 PS §831). Moreover, the jurisdiction of the court is not controverted by defendants.

The legislation basically concerned is that section of the County Code as amended providing as follows:

"Section 443. Expenses of Attending Members to be Paid by County; Time Limit on Meetings—

"(a) The expenses of all authorized county officers attending the annual meetings of their associations shall be paid by the several counties out of general county funds. Each of these officers, except the county commissioners, shall be allowed for his expenses twenty dollars ($20) per day for the number of days specified in subsection (b) of this section, together with ten cents per mile in going to and returning from such meeting.

"(b) The annual meeting of the association of county commissioners, county solicitors and chief clerks shall not exceed four days, that of the district attorneys shall not exceed three days, and those of all other State associations shall not exceed three days

in every case, exclusive of the time spent in traveling to and from the said meetings": The County Code of August 9, 1955, P. L. 323, sec. 443(a) as amended (16 PS §443).

The specific issues and controversies between the parties to this proceeding will become quickly and easily apparent from the pleadings and need not be detailed here, and we may proceed to state our determinations of the issues presented.

1. Except as to the county commissioners, the officers and officials indicated in the pertinent Act of Assembly shall be allowed $20 per day for each day actually attended by them at their respective State association conventions. This is a flat or fixed sum. In this connection the specific language of the act will be noted . . . "shall be allowed for his expenses." The act does not contain such phrases as "an amount not exceeding" or "on account of" or "up to" or "not in excess of", or other language which would convey such an inferred legislative intent. Had such been the intent of the legislative enactment, any one of several well known phrases would have been inserted in the legislative language. To the contrary, the language used is specific and unequivocal; it is not subject to a construction inferring that the amount to be paid out of the general fund for each day's attendance at the convention is to be fixed on any other basis. This legislation does not comprehend a lesser amount than the stated, specific sum. Now it is true that the act does say that each officer shall be allowed for his expenses $20 per day "for the number of days specified in subsection (b)", and subsection (b) does fix the number of days for each convention at three as to these plaintiffs. This language is specific and definite. However, it does not mean that each of these officers are ipso facto entitled to $20 per day for three days, regardless of the number of days the individual officer attends

his respective state meeting or convention. Manifestly, it means that for each day the officer attends his respective State meeting or convention, he is entitled to $20 per day; this is undoubted upon noting the words of the title to the section, "Expenses of attending members."

2. The $20 per day flat sum applies to the officers and officials (except again the county commissioners) in going to and returning from their respective State association conventions or meetings, and is in addition to the ten cents per mile travel allowance for actual miles traveled. Here again, the specific language of the act will be noted wherein it states, speaking of travel days, that the days attendance at conventions shall be "exclusive of the time spent in traveling to and from the said meetings." However, it is not intended that a particular officer who travels to or from his State meeting on one of the days of the convention shall be allowed $20 for a travel day and $20 for an attendance day, thus resulting in a total of $40 for that one, specific day. It is clear to us that such would not be common sense, and such is not the legislative intent. In this connection it must be equally clear that where an officer travels to or from his State meeting on a convention day, even though he is not allowed two $20 allowances for that day, he is allowed in addition to one $20 flat sum his mileage at ten cents per mile.

3. The Act of Assembly is silent as to the time when the allowances are payable, that is, whether in advance of attendance at the conventions or subsequent to the officers return. This is an administrative policy detail to be determined by the county commissioners. While there is nothing in the act either by direct language or reasonable inference which precludes the county commissioners from advancing the allowances to the officers, it would appear to us the more orderly

procedure would be the payment of the proper allowances and mileage upon a certification of the amount due that officer, subsequent to his return. Certainly if an advance allowance were made and the officer did not attend each day, or the full number of days for which the allowance was made, the officer would be duty bound to return such amount to the general fund. Subsequent payments would avoid such awkward situations.

4. Since the act, as we have construed it, provides for fixed actual allowances, itemized vouchers are not required of these plaintiffs except to the extent of the certification of the number of days and actual mileage to which the officer is entitled.

### Determination and Judgment

Now, February 14, 1961, upon consideration of the pleadings and the issues thereby presented, the determination of this court is that judgment not inconsistent with the foregoing opinion be entered for plaintiffs, the record costs to be paid by the County of Somerset.